IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Hazelene E. Trexler, and Terry A. Trexler, | ) | C/A No. 3:09-144-CMC-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| W. Barney Giese; Richland Humane SPCA; Michelle Hart; Kelly Graham; Josh Gowans; Richland Humane SPCA Board Members, Individually and as an entity; Dr. Melinda A. Merck; Melanie Brown; Aaron S. Jophlin; Bell Legal Group; Hans Pauling; Dr. Michael R. Privette; Dr. Lari Stokes; Equicare Veterinary Associates; Dr. Katy Carouthers; Wayne Brennessel; Fifth Judicial Circuit Solicitors Office; Jill Andrews Kuppens; | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiffs, Hazelene E. Trexler and Terry A. Trexler ("the Trexlers"), filed this action against numerous defendants alleging violations of their civil rights. This matter is before the assigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the Trexlers' motion for "the granting of default and award of all damages" against Defendants Dr. Lari Stokes[1] and Dr. Katy Carouthers on the basis that these defendants did not file an answer to the amended complaint. (Docket Entry 66.) In response to the Trexlers' motion, these defendants argue that default is not appropriate because at the time of the motion they had not been served with the summons and amended complaint. (Docket Entry 71.)

---

[1] Apparently Defendant Dr. Lari Stokes has been misidentified and the correct name is Dr. Lari Hoback. (Docket Entry 66 at 1.)

It is unclear from the docket whether and when these defendants were properly served with the summons and amended complaint in this matter. It appears service was attempted by certified mail pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. See Rule 4(e)(1), FRCP (permitting service by following state law where the district court is located); Rule 4(d)(8), SCRCP (permitting service on an individual or corporate entity by registered or certified mail, return receipt requested and delivery restricted to the addressee). The proofs of service filed with the court, however, do not include the executed return receipts. (See Docket Entries 77 & 78); see also Rule 4(d)(8), SCRCP ("Service is effective upon the date of delivery as shown on the return receipt."). Accordingly, it appears that neither entry of default under Rule 55(a) nor a default judgment under Rule 55(b) would be appropriate. See Rule 4(d)(8), SCRCP ("Service pursuant to this paragraph shall not be the basis for the entry of default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant."); Rule 4(e)(1), FRCP (permitting service on an individual by following state law).

In any event, having now filed answers, these defendants have pled and defended against the plaintiffs' allegations, rendering default inappropriate. See generally Rule 55, FRCP.

**RECOMMENDATION**

The court therefore recommends that the plaintiffs' motion for a default judgment and damages against Defendants Dr. Lari Stokes and Dr. Katy Carouthers (Docket Entry 66) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 18, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).