IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Hazelene E. Trexler, and Terry A. Trexler,<br><br>Plaintiffs,<br><br>vs.<br><br>W. Barney Giese; Richland Humane SPCA; Michelle Hart; Kelly Graham; Josh Gowans; Richland Humane SPCA Board Members, Individually and as an entity; Dr. Melinda A. Merck; Melanie Brown; Aaron S. Jophlin; Bell Legal Group; Hans Pauling; Dr. Michael R. Privette; Dr. Lari Stokes; Equicare Veterinary Associates; Dr. Katy Carouthers; Wayne Brennessel; Fifth Judicial Circuit Solicitors Office; Jill Andrews Kuppens;<br><br>Defendants. | ) | C/A No. 3:09-144-CMC-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

The plaintiffs, Hazelene E. Trexler and Terry A. Trexler ("the Trexlers"), filed this action against numerous defendants alleging violations of their civil rights. This matter is before the assigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Defendant Hans Pauling's motion to dismiss. (Docket Entry 23.) Defendant Pauling formerly served as Plaintiff Hazelene Trexler's court-appointed attorney in a related state criminal matter from which most of the plaintiffs' claims in this case arise.

Defendant Pauling moves to dismiss the claims raised against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 23.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the Trexlers of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately to the defendant's



PJG

motion. (Docket Entry 24.) The Trexlers filed a response in opposition to the defendant's motion. (Docket Entry 67.) Defendant Pauling filed a reply. (Docket Entry 73.) Having reviewed the parties' submissions, the court finds that the defendant's motion should be granted.

## BACKGROUND

This matter stems from the seizure of horses from the plaintiffs and state criminal charges that were subsequently brought against the plaintiffs related to their alleged mistreatment of the horses. Defendant Pauling, a member of the South Carolina Bar, was appointed by the state court of general sessions pursuant to Rule 608 of the South Carolina Appellate Court Rules to defend Plaintiff Hazelene Trexler ("Mrs. Trexler") against the criminal charges. Pauling was subsequently relieved as counsel for Mrs. Trexler. Dissatisfied with Pauling's representation, Mrs. Trexler asserts three claims against him in this lawsuit: conspiracy in violation of 42 U.S.C. § 1983 (Am. Compl. ¶¶ 52-59, Docket Entry 15 at 15-16) (Third Cause of Action); violation of 42 U.S.C. § 1985(3) (Am. Compl. ¶¶ 60-66, Docket Entry 15 at 16-17) (Fourth Cause of Action); and violation of 42 U.S.C. § 1986 (Am. Compl. ¶¶ 67-75, Docket Entry 15 at 17-18) (Fifth Cause of Action).

## DISCUSSION

### A. Rule 12(b)(6) Standard

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are

assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a





> formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

**B. Claims Against Pauling**

As an initial matter, the claims against Pauling must be dismissed because Pauling, as Mrs. Trexler's court-appointed defense attorney, has absolute immunity from a civil rights lawsuit brought by his client. See Minns v. Paul, 542 F.2d 899 (4th Cir. 1976).

Even if Pauling were not absolutely immune from suit, the Trexlers' civil rights claims against him would nonetheless fail. To state a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983.

It is well settled that court-appointed criminal defense attorneys do not act "under color of state law." Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); see also Polk County v. Dodson, 454 U.S. 312 (1981) (public defender). Acknowledging this, Mrs. Trexler argues that this principle should not apply in this case because Pauling was not performing the "traditional functions" of a lawyer. (Pls.' Resp. in Opp'n to Mot. to Dismiss, Docket Entry 67 at 1-2.) However, her allegations against Pauling stem solely from his representation of



PJG

her in the underlying criminal matter. For example, she contends that Pauling failed to contact expert witnesses, failed to adequately communicate with her, failed to present motions she believes should have been made, failed to contact politicians on her behalf, failed to request a transcript, and lied to her about available indigent defense funds. (See id. at 3-4.) Thus, although unhappy with the manner in which Pauling represented her, Mrs. Trexler's allegations against Pauling fall squarely within the parameters of his legal representation. Cf. Polk County, 454 U.S. at 325 (differentiating in its determination whether a public defender acts "under color of state law" within the meaning of 42 U.S.C. § 1983 between a public defender's "traditional functions as counsel to a defendant in a criminal proceeding" and her roles in conducting administrative and investigative functions and making hiring and firing decisions on behalf of the state).[1] Accordingly, Mrs. Trexler has failed to state a claim pursuant to § 1983 against Pauling.

The Trexlers have similarly failed to state a claim pursuant to § 1985 or § 1986. To state a claim under 42 U.S.C. § 1985, a plaintiff must "demonstrate with very specific facts that the defendants were 'motivated by a specific class-based, invidiously discriminatory animus to [] deprive

---

[1] Mrs. Trexler argues that this protection afforded by the law allows an attorney to "do nothing or be as corrupt as he or she desires without much consequence." (Pls.' Resp. in Opp'n to Mot. to Dismiss, Docket Entry 67 at 4.) However, the court observes that absolute immunity protects a court-appointed defense lawyer such as Pauling from civil liability in a lawsuit. As the Fourth Circuit has acknowledged, to the extent a litigant can prove that counsel's representation was constitutionally ineffective, she has other remedies available to her to challenge any criminal conviction that might result from the pending charges. See, e.g., Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 et seq.; 28 U.S.C. § 2254; Minns, 542 F.2d at 902 (discussing remedies available to indigent litigants despite the application of absolute immunity to court-appointed attorneys). Further, the Rules of Professional Conduct are designed to protect the public from unethical conduct by attorneys. See Minns, 542 F.2d at 902. Having made the general observation that there are in fact consequences when attorneys engage in unconstitutional or unethical conduct, this court emphasizes that it expresses no opinion as to Defendant Pauling's representation of Mrs. Trexler in the matter at issue.



PJG

the plaintiff[s] of the equal enjoyment of rights secured by the law to all.' " Francis v. Giacomelli, ___ F.3d ___, 2009 WL 4348830 (4th Cir. Dec. 9, 2009) (quoting Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)) (applying the Iqbal/Twombly standard to a § 1985 claim). As in Francis, the allegations in the fourth cause of action in the Amended Complaint amount to no more than conclusory statements that fail to assert a plausible claim of a § 1985 violation under the Iqbal/Twombly standard. Francis, 2009 WL 4348830 at *8; see also Iqbal, 129 S. Ct. at 1950. Accordingly, Pauling's motion to dismiss must be granted. Further, as the § 1986 claim is dependent upon the viability of the § 1985 claim, it too must fail. Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985).

**RECOMMENDATION**

Defendant Pauling is entitled to absolute immunity on Mrs. Trexler's claims stemming from his representation of her in the state criminal case. Even if he were not, the Amended Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §§ 1983, 1985, or 1986. Accordingly, the court recommends that Defendant Pauling's motion to dismiss (Docket Entry 23) be granted.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 18, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).