IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Hazelene E. Trexler, and Terry A. Trexler, | ) | C/A No. 3:09-144-CMC-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| W. Barney Giese; Richland Humane SPCA; Michelle Hart; Kelly Graham; Josh Gowans; Richland Humane SPCA Board Members, Individually and as an entity; Dr. Melinda A. Merck; Melanie Brown; Aaron S. Jophlin; Bell Legal Group; Dr. Michael R. Privette; Dr. Lari Stokes; Equicare Veterinary Associates; Dr. Katy Carouthers; Wayne Brennessel; Fifth Judicial Circuit Solicitors Office; Jill Andrews Kuppens, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| ─────────────────────────────────── | ) | |
| Kelly Graham; Michelle Hart; Wayne Brennessel; Richland Humane SPCA Board Members, Individually and as an entity; Josh Gowans; Richland Humane SPCA, | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Hazelene E. Trexler, and Terry A. Trexler, | ) | |
| | ) | |
| Counter Defendants. | ) | |
| ─────────────────────────────────── | ) | |

The plaintiffs, Hazelene E. Trexler and Terry A. Trexler ("the Trexlers"), who are self-represented, filed this action alleging violations of their civil rights. This matter stems from the seizure of horses from the Trexlers and state criminal charges that were subsequently brought against

them related to their alleged mistreatment of the horses. The numerous defendants can be more efficiently discussed by using the following identifiers: the "Solicitor's Office Defendants," including the Fifth Judicial Circuit Solicitor's Office, Solicitor Barney Giese, and Assistant Solicitor Jill Andrews Kuppens; the "Humane Society Defendants," including the Richland Humane SPCA, Richland Humane SPCA Board, and the individual Board members: Michelle Hart, Kelly Graham, Josh Gowans, and Wayne Brennessel; the "Bell Legal Group Defendants," which includes Bell Legal Group and one of its attorneys, Aaron S. Jophlin;[1] the "Veterinary Defendants," including Dr. Michael R. Privette, Dr. Lari Stokes, Equicare Veterinary Associates, and Dr. Katy Carouthers; and, finally, Defendants Melinda A. Merck and Melanie Brown.

This matter is before the assigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on a variety of pending motions, including numerous motions to dismiss, some of which are echoed by other co-defendants. (Docket Entries 97, 109, 110, 126, 134, 143, 167, 168, 170, & 171.) Terry Trexler also filed a motion to Amend/Correct the Amended Complaint. (Docket Entry 186.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the Trexlers of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately to the defendants' motions. (Docket Entry 98, 113, 127, & 135.)

---

[1] By order dated January 7, 2010, Defendant Hans Pauling was dismissed from this action. (Docket Entry 132.)

## PLAINTIFFS' CLAIMS

The Amended Complaint, which is the operative pleading in this action, raises nine causes of action against the defendants as listed below:

| Cause of Action | Description | Defendants |
| --- | --- | --- |
| First | § 1983 malicious prosecution | All defendants except Bell Legal Group Defendants |
| Second | § 1983 concealment of evidence | All defendants except Bell Legal Group Defendants |
| Third | § 1983 conspiracy | All defendants |
| Fourth | § 1985(3) "KKK Act" | All defendants |
| Fifth | § 1986 | All defendants |
| Sixth | State law claim for malicious prosecution and conspiracy | All defendants except Bell Legal Group Defendants |
| Seventh | State law claim for intentional infliction of emotional distress and conspiracy | All defendants except Bell Legal Group Defendants |
| Eighth | State law claim for negligence | All defendants except Bell Legal Group Defendants |
| Ninth | State law claim for negligent infliction of emotional distress | All defendants except Bell Legal Group Defendants |

## DISCUSSION

**A.     Rule 12(b)(6) Standard**

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319

(1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555.

PJG

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

**B.      Individual Members of Humane Society Board**

Defendants Hart, Graham, Gowans, and Brennessel[2] have moved to dismiss the Trexlers' claims against them on the ground that they are insufficiently pled.[3] Furthermore, they argue that the state tort claims asserted by the Trexlers against the individual board members are barred by the Solicitation of Charitable Funds Act, S.C. Code Ann. § 33-56-180, as the Trexlers allege no facts showing that the individual board members acted outside the scope of their employment or acted in a reckless, willful, or grossly negligent manner.

---

[2] The Trexlers' claims against Defendant Brennessel should be dismissed as they have not refuted the evidence that Brennessel was not a board member at the time of the alleged events giving rise to the Trexlers' Complaint. (Brennessel Aff., Docket Entry 97-1 at 1.)

[3] The court observes that Mr. Trexler has moved to further amend the Amended Complaint "so as to provide specific incidents of intentional and malicious actions of certain defendants of this case so as to prohibit dismissal of such defendants from the case, to add further claims against defendants, and to add certain other parties to the case." (Docket Entry 186 at 2.) However, he has neither identified what those more specific incidents, allegations, or parties would be nor provided a proposed amended complaint. Accordingly, the court must deny the motion at this time and make its recommendation based on the allegations contained in the Amended Complaint.



The Amended Complaint contains many conclusory legal assertions. However, liberally construed, it does contain factual allegations, which, accepted as true, state a plausible claim for relief against the individual board members. Iqbal, 129 S. Ct. at 1949. Stripped of its legal conclusions and conclusory allegations, the Amended Complaint essentially alleges that the defendants worked together to seize the plaintiffs' horses and participated in pursuing warrants and criminal charges against the Trexlers when the defendants had knowledge of facts that would exonerate the plaintiffs from animal cruelty charges. (See Am. Compl. ¶¶ 15-35, Docket Entry 15.) Accepted as true, these factual allegations meet the Iqbal/Twombly pleading standard to avoid dismissal.[4]

**C.   Defendants Brown and Merck**

The plaintiffs' claims against Defendants Brown and Merck must be dismissed for several reasons. First, the plaintiffs failed to properly serve the summons and complaint on these defendants, as they directed process for both Brown and Merck to the street address of a United Parcel Service (UPS) store in Georgia, where Merck maintains a UPS mailbox. (See Merck Aff. ¶ 4, Docket Entry 110-2; Merck Form USM-285, Docket Entry 74; Brown Form USM-285, Docket Entry 78); cf. Fed. R. Civ. P. 4(e) (outlining service requirements for an individual defendant). Brown has presented evidence that she was a South Carolina resident at the time and that UPS was not authorized to accept service on her behalf. (Brown Aff. ¶¶ 2, 5, Docket Entry 109-2.) Similarly, Merck has presented evidence that UPS was not authorized to accept service on her behalf. (Merck Aff. ¶ 5, Docket Entry 110-2.) Consequently, service has not been effected in accordance with Rule 4 of the

---

[4] Nonetheless, for the reasons discussed below, some of the causes of action asserted against these defendants fail to state a claim upon which relief can be granted.



Federal Rules of Civil Procedure. Moreover, the plaintiffs have been on notice of this defect in service since approximately November 18, 2009 and have neither effected proper service on Brown and Merck nor shown good cause for their failure to do so.[5] Accordingly, the plaintiff's claims against Brown and Merck must be dismissed pursuant to Rule 12(b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure. Additionally, because service has not been properly effected, the court lacks personal jurisdiction over Brown and Merck, and the Complaint against them must be dismissed pursuant to Rule 12(b)(2). See Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998).

**D.    § 1983 Claims**

The Trexlers' Complaint purports to assert three claims pursuant to § 1983: (1) the First Cause of Action for violation of § 1983 based upon "malicious prosecution"; (2) the Second Cause of Action for violation of § 1983 for "concealment of evidence";[6] and (3) the Third Cause of Action for violation of § 1983 based upon "conspiracy." (Docket Entry 15 at 13-16.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983.

---

[5] Although service was attempted by the United States Marshals Service due to the Trexlers' *in forma pauperis* (IFP) status, it appears that the defect in service is attributable to the Trexlers themselves, as the Marshals Service attempted service at the address provided by the plaintiffs on the USM-285 forms that IFP plaintiffs are required to submit. Cf. Greene v. Holloway, 210 F.3d 361(4th Cir. Mar. 22, 2000) (Table) ("[I]f an incarcerated plaintiff proceeding *in forma pauperis* provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Fed. R. Civ. P. 4(m) if the defendant could have been located with reasonable effort.") (citing Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995)). Because the Trexlers have not provided sufficient information to properly serve Defendants Brown and Merck, dismissal is appropriate.

[6] As none of the defendants has moved to dismiss this cause of action, this claim is not addressed in this Report and Recommendation.



Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).

As Mr. Trexler conceded at a status conference and motions hearing held on April 22, 2010, the Trexlers' § 1983 claim based upon their allegations of malicious prosecution is premature because they have not obtained a favorable resolution of the underlying criminal proceedings, a necessary element of their claim. See Snider v. Seung Lee, 584 F.3d 193, 199 (4th Cir. 2009). Furthermore, because the Trexlers' Third and Sixth Causes of Action are based upon the same facts as the asserted § 1983 malicious prosecution claim, they fail for the same reason. (Am. Compl. ¶¶ 52-59, 76-84, Docket Entry 15 at 15-16, 18-19); see Jordan v. Deese, 452 S.E.2d 838, 839 (S.C. 1995) (describing the elements of malicious prosecution, which includes termination of the underlying proceedings in the plaintiff's favor).

E.  **§ 1985 and § 1986 Claims**

The Trexlers have similarly failed to state a claim pursuant to § 1985 or § 1986. To state a claim under 42 U.S.C. § 1985(3), commonly referred to as the "Ku Klux Klan Act," plaintiffs must "demonstrate with specific facts that the defendants were 'motivated by a specific class-based, invidiously discriminatory animus to [] deprive the plaintiff[s] of the equal enjoyment of rights secured by the law to all.' " Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009) (quoting Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)) (applying the Iqbal/Twombly standard to a § 1985 claim). The United States Court of Appeals for the Fourth Circuit has stated that the only

Page 8 of 11

PJG

classes recognized as being protected by § 1985(3) are racial and religious ones. See Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985). Here, as in Francis, the allegations in the Fourth Cause of Action in the Trexlers' Amended Complaint amount to no more than conclusory statements that fail to assert a plausible claim of a § 1985 violation under the Iqbal/Twombly standard. Francis, 588 F.3d at 196-97; see also Iqbal, 129 S. Ct. at 1950. Specifically, the Amended Complaint contains no allegation of class-based discrimination based upon race or religion. Accordingly, the defendants' motion to dismiss these claims must be granted. Further, as the § 1986 claim is dependent upon the viability of the § 1985 claim, it too must fail. Trerice, 755 F.2d at 1085.

**F.     Motions to Dismiss Humane Society Defendants' Counterclaim**

The Trexlers have also filed a motion to dismiss the Humane Society Defendants' counterclaim against them seeking compensation for the costs of caring for the horses during the time they have been seized. The Trexlers' motion does not comply with Local Civil Rule 7.04 DSC and therefore should be denied.

**RECOMMENDATION**

The Trexlers' First, Third, and Fourth through Sixth Causes of Action fail to state a claim upon which relief can be granted. Moreover, Defendants Merck and Brown have not been properly served, and the Trexlers have not shown good cause for failing to serve them within 120 days. Accordingly, the court recommends that the defendants' motions to dismiss (Docket Entries 109, 110, 126, 134, 167, 170, & 171) be granted and that the individual board members' motion (Docket Entry 97) be granted only as to Defendant Brennessel. Adoption of this recommendation would result in the survival of the Trexlers' Second Cause of Action (which asserts a § 1983 claim) and the Seventh through Ninth causes of action (which assert state law claims) against the Solicitor's Office

Defendants, the Humane Society Defendants except for Brennessel, and the Veterinary Defendants. The court further recommends that the Trexlers' motion to dismiss (Docket Entry 143) be denied. In light of this recommendation, the Bell Legal Group Defendants' motion to dismiss (Docket Entry 168) should be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 1, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).