IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Hazelene E. Trexler and Terry A. Trexler, ) | C/A NO. 3:09-144-CMC-PJG |
| ) | |
| Plaintiffs, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| W. Barney Giese; Richland Humane SPCA; ) | |
| Michelle Hart; Kelly Graham; Josh ) | |
| Gowans; Richland Humane SPCA Board ) | |
| Members, individually and as an entity; ) | |
| Dr. Melinda A. Merck; Melanie Brown; ) | |
| Aaron S. Jophlin; Bell Legal Group; ) | |
| Dr. Michael R. Privett; Dr. Lari Stokes; ) | |
| Equicare Veterinary Associates; ) | |
| Dr. Kary Carouthers; Wayne Brennessel; ) | |
| Fifth Judicial Circuit Solicitors Office; ) | |
| Jill Andrews Kuppens, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| | |
| Michelle Hart; Richland Humane SPCA, ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| Hazelene E. Trexler, and Terry A. Trexler, ) | |
| ) | |
| Counterdefendants.[1] ) | |
| _____ ) | |

---

[1]The Report captions the Counterclaimants as Kelly Graham, Michelle Hart, Wayne Brennessel, Richland Humane SPCA Board Members, individually and as an entity, John Gowans, and the Richland Humane SPCA. *See* Report at 1 (Dkt. # 191, filed July 2, 2010). However, as noted in the Counterclaim and in a separate motion to strike (Dkt. # 146, filed Feb. 10, 2010), the only Defendants to have filed a counterclaim are the Richland Humane SPCA and Michelle Hart. The Clerk is directed to amend the docket and any related docket entries in this matter to correctly identify the Counterclaimants.

This matter is before the court on Plaintiffs' *pro se* complaint which alleges, *inter alia*, violations of their civil rights. This matter stems from the seizure of horses from Plaintiffs and state criminal charges which were subsequently brought against them related to their alleged mistreatment of the horses.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On July 2, 2010, the Magistrate Judge issued a Report recommending that Plaintiffs' First, Third, Fourth, Fifth, and Sixth Causes of Action be dismissed for failure to state a claim upon which relief can be granted; that Defendants Merck and Brown be dismissed; that Defendant Brennessel be dismissed; that Plaintiffs' motion to dismiss the pending counterclaim be denied; and that the motion of the Bell Legal Group and Aaron S. Jophlin to dismiss be terminated as moot. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. No objections have been filed and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Defendants' motion to dismiss filed by Josh Gowans, Michelle Hart, Kelly Graham, and Wayne Brennessel (Dkt. #97, filed Oct. 21, 2009) is **granted in part and denied in part**. Defendant Wayne Brennessel is dismissed from this action without prejudice. The remaining portion of this motion to dismiss is **denied**.

Defendant Melanie Brown's motion to dismiss (Dkt. # 109, filed Nov. 18, 2009) is **granted**. Brown is dismissed from this action without prejudice.

Defendant Dr. Melinda A Merck's motion to dismiss (Dkt. # 110, filed Nov. 18, 2009) is **granted**. Merck is dismissed from this action without prejudice.

Defendants' motions to dismiss Plaintiffs' First, Third, Fourth, Fifth, and Sixth Causes of Action filed by Richland Humane Society for the Prevention of Cruelty to Animals ("Richland HSPCA"); Richland HSPCA Board members, individually and as an entity; Josh Gowans; Michele Hart; Kelly Graham; and Wayne Brennessel (Dkt. # 126, filed Dec. 21, 2009) and Equicare Veterinary Associates, Dr. Michael Privette, Dr. Lari Stokes,[2] and Dr. Katy Carouthers (Dkt. # 134, filed Jan. 11, 2010) is **granted**. Plaintiffs' First, Third and Fourth Causes of Action in the Amended

---

[2]Defendant's answer indicates this Defendant is properly identified as Dr. Lari Hoback.

3

Complaint are dismissed without prejudice as these causes of action are premature. Plaintiff's Fifth and Sixth Causes of Action are dismissed with prejudice.[3]

On April 26, 2010, Bell Legal Group and Aaron S. Jophlin moved to join in the pending motions to dismiss Plaintiffs' Third, Fourth, and Fifth Causes of Action. Defendants' motion to join filed by Bell Legal Group and Aaron S. Jophlin (Dkt. # 167, filed Apr. 26, 2010) is **granted**. As these are the only causes of action in the Amended Complaint which include the Bell Legal Group and Jophlin, these Defendants are dismissed from this action without prejudice.[4]

The remaining motion for relief is Plaintiff's motion to dismiss the counterclaim (Dkt. # 143, filed Jan. 27, 2010). The Report recommends denying this motion for failure to comply with DSC Local Civil Rule 7.04. Plaintiffs have not responded to the Report. The court therefore **denies** Plaintiffs' motion to dismiss the Counterclaim.

This matter is returned to the United States Magistrate Judge for further pretrial proceedings.

---

[3]Defendants' Brown and Merck have moved to join in these motions. As these Defendants have been dismissed from this action, these motions to join (Dkt. Nos. 170 and 171, filed April 27, 2010) are **moot**.

The remaining Defendants (Giese, Fifth Circuit Solicitor's Office and Jill Andrews Kuppens) have not filed separate motions to dismiss; however, these defenses are contained in their Answer to the Amended Complaint. As dismissal of the First, Third, Fourth, Fifth, and Sixth Causes of Action would, in this case, necessarily include these Defendants, these causes of action are dismissed without prejudice as to Giese, the Fifth Circuit Solicitor's Office, and Kuppens as well.

[4]These Defendants are only named in Plaintiffs' Third, Fourth, and Fifth Causes of Action of the Amended Complaint. The dismissal of these Defendants from the Amended Complaint **moots** their motion to dismiss pursuant to Fed.R.Civ.P. 12(c) (Dkt. # 168, filed Apr. 26, 2010).

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 12, 2010